O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE CASTELLANOS, | ) | Case No. EDCV 14-1516 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

**A.    Reversal is not warranted based on the ALJ's alleged failure to fully and fairly develop the record (Disputed Issue No. 1).**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

It is well-established that the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, and that this special duty exists even when the claimant is represented by counsel. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "An ALJ's duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

Here, for the reasons stated by the Commissioner (see Jt Stip at 5-8), the Court finds that reversal is not warranted based on the ALJ's alleged failure to fully and fairly develop the record.

**B.  Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony (Disputed Issue No. 2).**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

Here, plaintiff was claiming that he was disabled and unable to work due to a lower back injury and pain in his lower back. (See AR 184, 201.) He testified at the administrative hearing that he was limited to lifting 25-30 pounds, and that anymore

weight worsened his back pain; and that he could sit for 45-60 minutes before having to get up and stand for 30 minutes. (See AR 40-41).

The ALJ found that "[plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (See AR 19.) In support of this adverse credibility determination, the ALJ proffered several reasons.

The first stated reason was that "[t]he objective findings, diagnostic studies, treatment modalities, medical opinion, and the record on the whole support the residual functional capacity for medium work as assessed herein." (See AR 19.) Although plaintiff contends that this was a legally insufficient reason, the Court disagrees. See, e.g., Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); Nyman, 779 F.2d at 531 (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").

Another reason proffered by the ALJ was that plaintiff's treatment record at Riverside County Regional Medical Center, which plaintiff had testified was where he primarily was treated for his back problem (see AR 38), showed "only sporadic visits to the clinic in the past 2 to 3 years." (See AR 19.) The Court finds that this reason, which plaintiff neglected to address in the Joint Stipulation, likewise constituted a legally sufficient reason on which the ALJ could properly rely in

support of his adverse credibility determination.  See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Another reason proffered by the ALJ was that the record reflected that plaintiff's treatment "continued to be conservative in nature, with medication and physical therapy" and that plaintiff "reported a positive response to such treatment." (See AR 19.)  As to the medication, the ALJ further noted that, "according to the record, [plaintiff] at times has reportedly used nothing more than Tylenol for his complaints." (See id. at 21.)  The Court finds that this reason, which plaintiff also neglected to address in the Joint Stipulation, likewise constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination.  See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may draw adverse inference against claimant's credibility from evidence of conservative treatment); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (same); Warre v. Commissioner of Social Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); Osenbrock v. Apfel, 240 F.3d 1156, 1166 (9th Cir. 2001) (ALJ properly rejected excess symptom testimony where claimant had not been using a strong Codeine or Morphine based analgesic).

Accordingly, the Court finds that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff's subjective symptom testimony.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: April 2, 2015

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

4